UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-01226-TBR

GREGORY HOLEHAN,                                                                          Plaintiff
*Administrator of the Estate of Kelsey Holehan, Deceased*

v.

TBD ACQUISITION, LLC,                                                                    Defendant
*d/b/a* THE BROOK HOSPITAL-DUPONT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Gregory Holehan's Motion for
Leave to File Amended Complaint, (Docket No. 19), and Motion to Remand, (Docket
No. 20). Defendant TBD Acquisition, LLC, has not responded to either Motion, and the
time to do so now has passed. Accordingly, these matters are ripe for adjudication. For
the following reasons, the Court will GRANT Plaintiff leave to file his First Amended
Complaint and REMAND this action to Jefferson Circuit Court.

BACKGROUND

Plaintiff Gregory Holehan originally filed this action on November 21, 2013, in
Jefferson Circuit Court alleging medical negligence arising from the death of Kelsey
Holehan. Kelsey Holehan was, at all times relevant, a resident of Kentucky, and
Defendant TBD Acquisition, LLC, is a Delaware corporation with its principal place of
business in Pennsylvania. Defendant timely filed a notice of removal on December 20,
2013, invoking this Court's diversity jurisdiction.

Since removal, Plaintiff has deposed Drs. John Baird and Kevin Bays. Plaintiff states that he has determined that Drs. Baird and Bays allegedly also were negligent in their care and treatment of Kelsey Holehan and that such negligence was a substantial factor in her death. As such, in his instant Motion for Leave to File Amended Complaint, Plaintiff seeks to add as defendants (1) Dr. Baird, individually; two companies allegedly owned by Dr. Baird and of which Dr. Baird allegedly was an employee, (2) John R. Baird, M.D., PLC, and (3) Healing Options Wellness & Lifestyle Center, LLC; (4) Dr. Bays, individually; and (5) Louisville Behavioral Health Systems, PLLC, of which Dr. Bays allegedly is a partner and employee. (Docket No. 19-1.) It appears from Plaintiff's proposed amended complaint that all of these proposed defendants are residents of Kentucky. Plaintiff argues that these additional defendants are necessary parties because each owed duties to Kelsey Holehan, failed to comply with those duties, and was a substantial factor in her death. Plaintiff represents that the statute of limitations has not run on his claims relative to these proposed defendants. Plaintiff further avers that these nondiverse defendants are not being added for the purpose of defeating this Court's jurisdiction. (Docket No. 19-1, at 2-3.)

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal district court has original diversity jurisdiction over an action between citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a). Diversity jurisdiction requires

complete diversity, meaning that no plaintiff and no defendant are citizens of the same state. *See U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). There is no dispute here that there is complete diversity, at least with respect to Plaintiff's initial Complaint, nor is there any dispute whether the amount-in-controversy threshold is satisfied.

Generally, whether to permit leave to amend a pleading is governed by Federal Rule of Civil Procedure 15, which provides that beyond twenty-one days after the defendant files its answer, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The decision whether to permit amendment is committed to the discretion of the Court. *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971); *Estes v. Ky. Util. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The principal issue now before the Court is whether to grant Plaintiff leave to amend her Complaint when doing so would destroy this Court's diversity jurisdiction.

Congress has provided for circumstances such as those here where a party seeks to add, by way of an amended complaint, nondiverse defendants whose joinder would destroy the diversity: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) (quoting *Harmon*

*v. McCreary*, 2007 WL 4163879, at *3 (E.D. Ky. Nov. 20, 2007)); *see also Lynch v. Lear Seating Corp.*, 2001 WL 1774429, at *1 (W.D. Ky. Aug. 23, 2001) ("Essentially, joinder of a nondiverse party after removal is permissible if such joinder would be fair." (citing *Jones v. Woodmen Accident & Life Co.*, 112 F. Supp. 2d 676, 680 (N.D. Ohio 2000))).  A court must remand an action "if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants."  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Courts in this Circuit use a four-factor test to determine whether diversity has been defeated under § 1447(e):  "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors."  *E.g.*, *Premium Fin. Grp., LLC v. MPVF LHE Lexington LLC*, 2014 WL 112308, at *4 (E.D. Ky. Jan. 9, 2014); *Bridgepointe Condominiums, Inc. v. Integra Bank Nat'l Ass'n*, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009); *Deutsche Bank*, 571 F. Supp. 2d at 823; *Siedlik v. Stanley Works, Inc.*, 205 F. Supp. 2d 762, 765 (E.D. Mich. 2002).  "The first factor 'appears to be of paramount importance.'"  *Bridgepointe*, 2009 WL 700056, at *2 (quoting *Deutsche Bank*, 571 F. Supp. 2d at 824); *accord J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005) ("These factors [. . .] are intended to answer the ultimate question whether the primary purpose of the proposed joinder is to oust the case from the federal forum."); *Boyd v. Diebold, Inc.*, 97 F.R.D. 720, 723 (E.D. Mich. 1983) ("In cases where joinder will necessitate a remand to state court, the Court should pay particular attention to the motive underlying the plaintiff's motion to

amend."). This four-factor test is intended to aid the Court in determining whether a motion to amend has been filed for an improper purpose. *Deutsche Bank*, 571 F. Supp. 2d at 824; *J. Lewis Cooper*, 370 F. Supp. 2d at 618. Accordingly, the proper analysis under § 1447(e) "is necessary to prevent amendments motivated simply by the plaintiff's desire to return to state court, as opposed to a desire to add a party whose presence is needed to secure complete relief." *Mackey v. J.P. Morgan Chase Bank, N.A.*, 786 F. Supp. 2d 1338, 1340 (E.D. Mich. 2011) (citations omitted).

Employing the four-factor test outlined above, the Court is satisfied that Plaintiff was not dilatory in seeking amendment, given that his Motion to Amend was filed shortly after concluding the depositions of Drs. Baird and Bays. The Court also is satisfied that no party will be prejudiced on remand. This action is still in its infancy, and Plaintiff's Motion to Amend was filed well in advance of the deadline to amend pleadings. (*See* Docket No. 14.) Finally, and perhaps most importantly, the Court finds that there is a colorable basis for predicting that Plaintiff may recover against one or more of these proposed defendants, and that there is no indication Plaintiff seeks to add these defendants for the purpose of defeating federal jurisdiction.

Therefore, the Court will grant Plaintiff's Motion for Leave to File Amended Complaint, (Docket No. 19), and Plaintiff's First Amended Complaint, (Docket No. 19-3), shall be docketed in this matter. Because joinder of these new Defendants destroys diversity, remand of this action to state court is appropriate. Accordingly, Plaintiff's Motion to Remand, (Docket No. 20), will be granted, and this action will be remanded to Jefferson Circuit Court.

CONCLUSION

For the foregoing reasons, and in accordance with 28 U.S.C. § 1447(e);

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend Complaint, (Docket No. 19), is GRANTED, and Plaintiff's First Amended Complaint, (Docket No. 19-3), shall be docketed in this matter.

IT IS HEREBY FURTHER ORDERED that Plaintiff's Motion to Remand, (Docket No. 20), is GRANTED, and this matter is hereby REMANDED to Jefferson Circuit Court for all further proceedings.

IT IS SO ORDERED.

Date:

cc:     Counsel
        Clerk, Jefferson Circuit Court